■ FRANTZ DEXTRA, Petitioner, v CITY OF NEW YORK et al., Respondents. [848 NYS2d 48]—

Determinations of respondent Environmental Control Board, both dated June 9, 2005, finding that petitioner performed an illegal alteration to a residence, in violation of Administrative Code of the City of New York § 27-118.1, and that petitioner performed construction work without a permit, in violation of Administrative Code § 27-147, unanimously modified, on the law, to vacate so much of the latter determination as imposed an $800 penalty, and the proceeding (transferred to this Court by order of Supreme Court, New York County [Eileen A. Rakower, J.], entered October 26, 2006) otherwise disposed of by confirming the remaining determinations, without costs.

The notices of violation were reasonably calculated to apprise interested persons of the proceeding and afford them an opportunity to be heard and to present their objections. No reasonable person would interpret the "hearing penalty" language of the notice, as petitioner does, to state that a penalty will be imposed if the violation is contested, regardless of the outcome of the hearing. Such a reading defies logic and common sense,

and furthermore is inconsistent with a reading of the notice as a whole.

There is no inconsistency between the language of the notice requiring that petitioner correct the violations and file a certificate of correction and the instruction contained in the information sheet that a certificate should not be filed in cases where a hazardous violation is alleged. The information sheet explains that filing a certificate will constitute an admission of the violation in advance of the hearing at which the violation is to be contested, and is a procedure available in nonhazardous cases only, in order to avoid penalties and the necessity of a hearing.

By clearly directing petitioner to appear for a hearing on a scheduled date, and furnishing telephone numbers for both the Environmental Control Board (ECB) and the Department of Buildings in a section titled "for more information," the notices of violation complied with the New York City Charter's requirement that such notices "contain information advising the person charged of the manner and the time in which such person may either admit or deny the violation charged in the notice" (NY City Charter § 1404 [d] [1] [c]). Similarly, the information sheet accompanying the notices stated the maximum civil penalty applicable to each offense. The $800 penalty imposed for each violation was well within the statutory range.

However, ECB erred in failing to consider petitioner's evidence and in rejecting his defense based on Administrative Code § 26-212.1, which provides, "No civil penalty shall be imposed if the work for which a permit is required was completed prior to the effective date of this section" (subd [b]). Petitioner presented affidavits from two family members, who averred that they lived with other family members in the building from 1976 to 1982, during which time they often went into the basement, and that the basement had been altered for dwelling purposes before 1975. While the Administrative Law Judge found that neither affidavit explained what the cellar looked like or what work was done to convert it to dwelling space, and that there was no indication that either affiant had inspected the premises subsequent to petitioner's taking title, both affidavits stated that the cellar was being used for dwelling purposes before 1989, the effective date of Administrative Code § 26-212.1.

In addition, ECB erred in failing to consider the notice of violations annexed to the "voluntary repair agreement" between petitioner and the Department of Housing Preservation and Development. On March 22, 1988, the premises owner was cited for various violations pertaining to the cellar and was admonished to "[f]ile plans and application and legalize the fol-

lowing alteration or restore to the legal condition existing prior to the making of said alteration wood and plasterboard partitions installed cellar thruout creating rooms," to "[d]iscontinue use of rooms for living, disconnect plumbing fixtures and properly seal pipe connections cellar front and rear," and to "[d]iscontinue unlawful cooking space or file plans and application with this Department to legalize same, if lawfully feasible, cellar rear."

The affidavits and the list of violations were before the ECB and should have been considered. Because they constitute substantial evidence that the alteration work was completed before the effective date of Administrative Code § 26-212.1, the $800 penalty for performing construction work without a permit, in violation of Administrative Code § 27-147, should not have been imposed.

We have considered and rejected petitioner's remaining contentions. Concur—Friedman, J.P., Marlow, Nardelli and Catterson, JJ.